# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., <br><br> Plaintiff, <br> v. <br><br> B. Young; De'Angelo Fludd <br><br> Defendants. | Case No. 0:23-cv-2874-RMG <br><br><br> **ORDER** |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court deny Defendant's Motion to Dismiss (Dkt. No. 42). (Dkt. No. 78). Defendants did not object to the R & R. For the reasons set forth below, the Court adopts the R & R as the order of the Court and denies Defendants' Motion to Dismiss.

## I. Background

Defendants argue that this case should be dismissed because the claims raised by Plaintiff—specifically, that Plaintiff was unlawfully administered psychiatric medication without his consent—are duplicative to other cases brought by Plaintiff. The Court, however, severed the claims in this action, leaving only the claims pertaining to Defendants Young and Fludd, who were not involved in the administration of psychiatric medicine. (Dkt. No. 2 at 1 (severing Plaintiff's claims into four distinct matters and noting that Plaintiff's claims against Defendants Young and Fludd are for excessive force)). The Court, in a later order, construed Plaintiff's claims in this severed case to be claims "pursuant to 42 U.S.C. § 1983 of excessive force, deprivation of due process, and deliberate indifference to serious medical needs against Defendant B. Young, and claims of deliberate indifference to medical needs, bystander liability, and supervisor liability against Defendant De'Angelo Fludd." (Dkt. No. 18 at 2).

1

In the present R & R, the Magistrate Judge concluded that the claims, as severed and construed, are not duplicative. Accordingly, the Magistrate Judge recommends denying Defendants' motion. The R &R is now ripe for the Court's review.

## II. Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Where a party fails to file specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," see *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### III. Discussion

Based on a review of the record in this case and the controlling law, the Court finds that the Magistrate Judge ably addressed the issues in Defendants' motion to dismiss and adopts the R & R as the order of the Court. The Court agrees that Plaintiff's claims in the current case are not duplicative. Accordingly, Defendant's motion to dismiss is denied.

### IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R (Dkt. No. 78) as the Order of the Court and **DENIES** Defendants' Motion to Dismiss (Dkt. No. 42).

 s/Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 6, 2024
Charleston, South Carolina