IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Antonio Little, Jr., | ) | C/A No. 0:23-2874-RMG-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| B. Young; De'Angelo Fludd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff David Antonio Little, Jr., a pretrial detainee at the time of the incidents described in the Complaint, filed civil rights claims against the above-captioned defendants.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendants' motion for summary judgment. (ECF No. 112.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 113.) Plaintiff filed a response in opposition, with supplements. (ECF Nos. 116, 117, 118.) Additionally, the court ordered further briefing on the issue of exhaustion, and the defendants filed a supplemental brief. (ECF No. 126.) Having reviewed the record presented and the applicable law, the court finds that the defendants' motion should be granted.

## BACKGROUND

The events at issue in this matter occurred in April of 2021while Plaintiff was housed at the Florence County Detention Center. Specifically, he alleges that while he was being escorted from the shower, Defendant Young grabbed Plaintiff's cuffs and slammed Plaintiff on his face.

---

[1] These claims were originally brought in C/A No. 0:23-2186, but the court severed them by order dated June 21, 2023.

(Compl. ¶¶ 19, 27, ECF No. 1 at 4, 6.) He alleges that Defendant Fludd witnessed this event and failed to act. (Id.) Plaintiff further alleges that, on another occasion when Plaintiff was in a restraint chair, Defendant Young did not allow Plaintiff to use the restroom, causing Plaintiff to urinate on himself. (Id. ¶¶ 20, 27.) When he was removed from the restraint chair, Plaintiff alleges he was denied a shower. (Id.)

The court construed Plaintiff's Complaint as asserting claims pursuant to 42 U.S.C. § 1983 of excessive force, deprivation of due process, and deliberate indifference to serious medical needs against Defendant B. Young, and claims of deliberate indifference to medical needs, bystander liability, and supervisor liability against Defendant De'Angelo Fludd. (ECF No. 18 at 2.) No party challenged the court's construction of these claims. (See Order, ECF No. 26.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-

moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

    **1.     Requests for Admission**

        **a.     Plaintiff's Failures**

The defendants' motion largely relies on the absence of any genuine issue of material fact due to deemed admissions pursuant to Rule 36.  (ECF No. 112-1.)  During the discovery period, the defendants served numerous requests for admission to which Plaintiff failed to respond.  Accordingly, the defendants moved to have the requests deemed admitted.  (ECF No. 46.)  In response to the defendants' motion, Plaintiff filed belated responses to the requests for admission.  (ECF No. 55.)  Notably, Plaintiff did not provide any cause for his untimely responses.

Additionally, the belated responses filed by Plaintiff did not comply with Rule 36 of the Federal Rules of Civil Procedure and were largely nonresponsive to the defendants' actual requests. The court therefore granted the defendants' motion to have the requests deemed admitted. (ECF No. 80.) As of the date of this recommendation, Plaintiff has not moved to withdraw or amend his belated requests for admission, moved for an extension of time in which to file responses to the requests for admission, moved for reconsideration, or appealed the court's order granting the defendants' motion to have the requests deemed admitted.

Some courts have expressed reluctance to award summary judgment based on deemed admissions when a plaintiff is proceeding *pro se*, observing that the *pro se* party "may not have been aware of the detrimental impact of not responding to the requests for admission." See, e.g., Simpson v. Kapuluck, C/A No. 2:09-cv-00021, 2010 WL 1981099, at *5 (S.D.W. Va. May 14, 2010); United States v. Turk, 139 F.R.D. 615, 617 (D. Md. Oct. 29, 1991) ("[T]he Court is reluctant to grant summary judgment against a pro se defendant based solely upon his failure to comply with the discovery requirements of the Federal Rules of Civil Procedure."). Additionally, some courts have held that untimely responses to requests for admission may be viewed as the equivalent of a motion to withdraw or amend a response, and that such an amendment could be allowed when the opposing party suffered no prejudice by the amendment. See Metpath, Inc. v. Modern Medicine, 934 F.2d 319, 1991 WL 87534, at *2-3 (4th Cir. 1991) (discussing conditions under which the court may permit withdrawal or amendment of admissions and holding that the district court did not abuse its discretion in refusing to allow the untimely responses). Ultimately, however, the language of Rule 36 leaves to the court's discretion whether to allow untimely answers to requests for admission. See Donovan v. Porter, 584 F. Supp. 202 (D. Md. 1984).

In its prior order, the court noted that Plaintiff had not filed a proper motion to withdraw or amend his admissions as required by Rule 36. However, as noted above, even if the court were to view Plaintiff's untimely responses as the equivalent of such, see Metpath, 934 F.2d 319, most of the responses themselves do not meet the requisite standard for answers and objections outlined in Rule 36(a)(4) and (5). In summary, despite the Plaintiff's status as a *pro se* litigant and the consequences of deemed admissions to the potential merits of Plaintiff's case, the court is now faced with the defendants' motion for summary judgment arguing there is no genuine issue of material fact combined with Plaintiff's utter failure to justify his untimely responses to the requests for admission or attempt to amend his admissions to comply with the federal rules, even after the court pointed out the deficiencies. See, e.g., United States v. Kasuboski, 834 F.2d 1345, 1350 (7th Cir. 1987) (acknowledging the "harshness of the result" in granting summary judgment because there was no genuine issue of material fact due to the defendants' default admissions, but noting that parties must comply the Federal Rules of Civil Procedure and that "the harshness is tempered by the availability of the motion to withdraw admissions, a procedure which the defendants did not employ"); Poon-Atkins v. Sappington, No. 21-60467, 2022 WL 102042, at *1 (5th Cir. Jan. 10, 2022) ("[T]he proper course for a litigant that wishes to avoid the consequences of failing to timely respond to rule 36 requests for admissions is to move the court to amend or withdraw the default admissions in accordance with the standard outlined in rule 36(b).").

    **b.**    **Defendants' Deficient Requests to Admit**

Despite Plaintiff's failure to properly and timely respond to the defendants' requests for admission, the defendants' requests themselves are problematic. Most, if not all, of the proffered requests are highly conclusory, essentially asking Plaintiff to concede the ultimate questions raised by his claims, such as that the defendants' acts were legally justified and lawful, that the

defendants' conduct did not violate Plaintiff's statutory or constitutional rights, and that Plaintiff's claims have no merit. (See ECF No. 46-1.) Federal Rule of Civil Procedure 36 explicitly limits itself to "admissions regarding purely factual matters or the application of law to facts, but not matters of law." Adventis, Inc. v. Consol. Prop. Holdings, Inc., 124 F. App'x 169, 172 (4th Cir. 2005); 8A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure, § 2255 & n.8 (3d ed. 2024). "Generally, if the request calls for a legal conclusion, even when applied to the operative facts in the case, it is improper; particularly, when the facts are in dispute." Sheppheard v. Justice, C/A No. 5:23-530, 2024 WL 3166065, at *9 (S.D. W.Va. June 25, 2024). Similarly, "a request that asks for a pure opinion of law, devoid of relevant facts, is improper." Id.

Here, Plaintiff's second request for admission states: "Admit that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)." (ECF No. 46-1 at 1.) But this request improperly asks Plaintiff to admit a legal conclusion—that is, to concede the defendants' exhaustion defense. Cf. Johnson v. Garrett, C/A No. 3:20-cv-01935-JR, 2024 WL 5079964, at *3 (D. Or. Sept. 13, 2024) ("[T]he mere fact that plaintiff is deemed to have admitted that he did not exhaust his available remedies is not sufficient to satisfy defendants' ultimate burden of proof.") adopted by 2024 WL 5077901 (D. Or. Dec. 11, 2024). Notably, the defendants' request does not reference any facts pertinent to the detention center's grievance process or ask Plaintiff to concede any underlying facts, such as whether or not he failed to timely file or appeal any particular grievance. Moreover, although the court allowed the parties to provide additional briefing on the issue of exhaustion of administrative remedies and present "sufficient admissible evidence in support of their arguments" (ECF No. 123), the

defendants' supplemental response stubbornly relies entirely on Plaintiff's admission to this legal conclusion (ECF No. 126).

In light of these failures on both sides, the court proceeds to analyze the defense of exhaustion based on the limited evidence it has in this record. See Johnson, 2024 WL 5079964, at *3.

### 2. Analysis Regarding Exhaustion of Administrative Remedies

A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a).[2] Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Generally, to satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See Booth v. Churner, 532 U.S. 731 (2001); but see Ross v. Blake, 578 U.S. 632 (2016) (describing limited exceptions to the exhaustion requirement). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that

---

[2] Pretrial detainees are specifically included in this requirement pursuant to § 1997e(h), which defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law."

define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. See Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017) (quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)).

According to state law, every detention center in the state of South Carolina is subject to an annual inspection by the Jail and Prison Inspection Division of the South Carolina Department of Corrections ("SCDC"). See S.C. Code Ann. §§ 24-9-10, -20. Pursuant to this statute, the South Carolina Association of Counties established standards found in a document entitled "Minimum Standards for Local Detention Facilities—Type II and/or IV Facility City, County, or Regional Jail and/or Combined Jail/Prison Camp" (the "Minimum Standards"),[3] which was adopted by SCDC. The Minimum Standards provide that a written grievance procedure shall be made available to every inmate and outline the required provisions. See Minimum Standards at 50.

The only recognized exception to the PLRA's requirement to exhaust administrative remedies stems from the statutory language itself: an inmate need not pursue administrative remedies if they are not "available." Ross, 578 U.S. at 642; see also Moore, 517 F.3d at 725 ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). However, "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." Moore, 517 F.3d at 725 (citing Woodford, 548 U.S. 81). Courts have recognized that generally the burden is on the defendant to show that there was an available administrative remedy that the prisoner did not use, and that the burden then "shifts to the prisoner

---

[3] To access this document, see http://www.sccounties.org (choose "Resources," then "Publications," then choose "Jail Standards," then follow the "Minimum Standards for Local Detention Facilities" hyperlink) (last visited January 27, 2025).

to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014); see also Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials.").

Despite their failure to properly support their motion with admissible evidence, the court nevertheless concludes, based on Plaintiff's concessions in his filings, that the defendants are entitled to summary judgment on this defense. Plaintiff's arguments conclusively show that the grievance procedure was available to him. Although Plaintiff argues that the detention center did not offer him paper grievance forms, he readily concedes that he had access to the kiosk (on which to file electronic grievances) three days a week for thirty minutes, though he complains that he also had to shower during this allotted time. (Pl.'s Resp. Opp'n, ECF No. 116 at 6.) He argues this made filing grievances "extremely difficult," but then admits that he "submitted several grievances" to jail officials on a number of issues, "including the fact that [Plaintiff] was not suppose[d] to be at the [detention center]"; he also specifically references a grievance filed shortly before this alleged incident occurred about an unrelated issue. (Id. at 6-7.) Moreover, he contends in his response (with no supporting evidence) that he is "sure he filed a grievance about the incident,"[4] belying his argument that the detention center's remedies were unavailable. Accordingly, no reasonable jury could find on this record that the grievance system was unavailable to Plaintiff such that he was prevented from exhausting his administrative remedies.

---

[4] This vague assertion does not specify to which incident he refers. (Id. at 6-7.)

The court therefore concludes that the defendants are entitled to summary judgment on this defense.

## RECOMMENDATION

For the foregoing reasons, the defendants' motion for summary judgment should be granted. (ECF No. 112.)

January 27, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).