# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Antonio Little, Jr., <br><br> Plaintiff, <br> v. <br><br> B. Young; De'Angelo Fludd, <br><br> Defendants. | C/A: 0:23-cv-2874-RMG <br><br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 129) of the Magistrate Judge recommending that the Court grant Defendants' motion for summary judgment. Defendant did not file any objection. For reasons set forth below, the Court adopts the R & R as the order of the Court.

## Legal Standard

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails

to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs did not file objections to the R&R, the R&R is reviewed for clear error.

## Discussion

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires an inmate challenging prison conditions under § 1983 to first exhaust available administrative remedies of the prison or detention facility. (Dkt. No. 136 at 7). An exception exists only where the plaintiff can carry his burden of demonstrating that existing administrative remedies were unavailable to him. *Ross v. Blake*, 578 U.S. 632, 642 (2016). As the Magistrate Judge noted, Plaintiff admitted in his responses that he had access to the kiosk in which grievances could be filed electronically three days a week for thirty minutes and that he had used the kiosk to file other grievances. (Dkt. No. 129 at 9). Consequently, the Magistrate Judge appropriately concluded that "no reasonable jury could find on this record that the grievance system was unavailable to Plaintiff such that he was prevented from exhausting his administrative remedies." (*Id.*).

The Court finds that the Magistrate Judge accurately summarized the factual and legal issues in this case and properly concluded that the Defendants were entitled to summary judgment because Plaintiff had failed to exhaust his administrative remedies. The Court adopts the R & R of the Magistrate Judge as the order of the Court (Dkt. No. 129) and grants Defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

-3-

                                              <u>s/ Richard M. Gergel</u>  
                                              Richard Mark Gergel  
                                              United States District Judge

February 25, 2025  
Charleston, South Carolina